UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CECIL ST. PIERRE, as the personal representative
for the ESTATE OF VANESSA SEXTON,

    Plaintiff,

v.

COUNTY OF MACOMB, *et al.*,

    Defendants.
_____/

Case No. 16-12530

Hon. John Corbett O'Meara

**ORDER GRANTING PLAINTIFF'S**
**MOTION FOR VOLUNTARY DISMISSAL**

Before the court is Plaintiff's motion for voluntary dismissal of its claims against Defendants Allison LaFriniere and Thressa Williams, filed July 6, 2017. Defendants filed a response on July 27, 2017.

Plaintiff's complaint was filed on July 6, 2016, alleging that Defendants were deliberately indifferent to the medical needs of Vanessa Sexton, who committed suicide while at the Macomb County Jail. Plaintiff has settled with the defendants employed by Macomb County, resulting in a stipulated order of dismissal filed July 13, 2017.

Defendants LaFriniere and Williams are nurses who are not employed by Macomb County, but rather are employed by a private company, Correct Care Solutions, LLC. Plaintiff seeks voluntary dismissal of its federal claims against LaFriniere and Williams so that it may pursue negligence claims against them in state court. Defendants oppose Plaintiff's motion and seek the opportunity to file a motion for summary judgment.

Rule 41(a)(2) provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . . Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." Fed. R. Civ. P. 41(a)(2). Whether dismissal should be granted under Rule 41(a)(2) "is within the sound discretion of the district court." Grover v. Eli Lilly & Co., 33 F.3d 716, 718 (6th Cir. 1994). "The primary purpose of the rule in interposing the requirement of court approval is to protect the nonmovant from unfair treatment." Id. The court should grant dismissal without prejudice unless the defendant would suffer "plain legal prejudice" as a result, "as opposed to facing the mere prospect of a second lawsuit." Id. "In determining whether a defendant will suffer plain legal prejudice, a court should consider such factors as the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take

a dismissal, and whether a motion for summary judgment has been filed by the defendant." Id.

Although Plaintiff could have acted earlier in deciding to bring state, rather than federal, claims against Defendants, the court does not find the delay to be "excessive," or that Plaintiff lacked diligence in prosecuting his claims. Although Defendants may face a second lawsuit in state court, the discovery completed in this matter may be used in that proceeding and need not be duplicated. The parties have not yet filed dispositive motions, and trial is scheduled for the January 2018 trailing docket. Moreover, given Plaintiff's settlement with the Macomb County defendants, the court would be unlikely to retain jurisdiction over any state claims Plaintiff would seek to bring in this action. See Musson Theatrical, Inc. v. Fed. Exp. Corp., 89 F.3d 1244, 1254-55 (6th Cir. 1996) ("When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed.").

In sum, the court finds that Defendants will not suffer "plain legal prejudice" if Plaintiff's claims are voluntarily dismissed and Plaintiff chooses to bring state claims in state court.

Therefore, IT IS HEREBY ORDERED that Plaintiff's motion for voluntary

dismissal without prejudice against Defendants LaFriniere and Williams is GRANTED.

                                                      s/John Corbett O'Meara
                                                      United States District Judge

Date: October 11, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, October 11, 2017, using the ECF system.

                                                      s/William Barkholz
                                                      Case Manager